

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2004

# Breiner v. Litwhiler

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1543

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Breiner v. Litwhiler" (2004). *2004 Decisions.* Paper 924.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/924

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 03-1543

_____

PAUL G. BREINER; MARSHA L. BREINER;
ANGELA SERFAS; WEST PENN TOWNSHIP
ANDREAS NO. 1; ANDREAS VOLUNTEER
FIREFIGHTER'S RELIEF ASSOCIATION;
BYRON HESS,

Appellants

v.

SUZANNE LITWHILER; JAMES TIERNEY;
BRIAN JOHNSON; LEROY BREINER; ALAN
PARKER; ERNEST BOERNER; SAMUEL A.
SOLEY; WEST PENN FIRE COMPANY #1;
W PENN TOWNSHIP; PAUL DATTE

_____

On appeal from the Memorandum and Order of
the Honorable Thomas I. Vanaskie
of the United States Court for the Middle District of Pennsylvania
(D.C. Civil No. 3:00-cv-00594)

_____

Submitted Under Third Circuit LAR 34.1(a)
December 2, 2003

Before: SLOVITER, ALITO and FRIEDMAN,[*] Circuit Judges

(Filed March 23, 2004)

_____

[*] Daniel M. Friedman, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

OPINION OF THE COURT

FRIEDMAN, Circuit Judge.

This case involves a dispute between two volunteer firefighting organizations in the same township over their respective roles there. The second organization had been recently formed by dissident members of the first organization, and the first and some of its members sued the former and its members in federal court. The district court held that many of the issues underlying the plaintiffs' claims had been decided against them in prior state court litigation (between the parties); and that collateral estoppel precluded the plaintiffs from relitigating those claims; the court also rejected for lack of supporting evidence the plaintiffs' other claims that had not been so litigated. The district court granted summary judgment for the defendants, dismissing the suit. We affirm.

I

For many years Andres Fire Company No. 1, a volunteer fire fighting organization, had been the recognized fire company of West Penn Township in Pennsylvania. Dissension developed within the organization, and in 1999 several of its members left the organization and formed West Penn No.1 fire company. The township's Board of Supervisors officially recognized West Penn No.1 as the township's firefighting organization. Two months later, at the scheduled quarterly meeting of the Andreas Volunteer Firefighter's Relief Association ("relief association"), a quorum of the association's members (mostly those who had left Andreas No. 1 to form West Penn No. 1) voted to transfer some of the firefighting equipment, including a rescue truck, to West Penn No. 1. Members of the relief association gained access to the Andreas No. 1 fire hall and removed the equipment and truck.

Litigation in the Pennsylvania state courts soon followed. The first suit, originally an equity

action that was converted to one for a declaratory judgment, sought deactivation of West Penn No. 1, re-recognition of Andreas No. 1 and the concomitant funding that it would entail, and a declaration that the removed equipment and truck belonged to Andreas No. 1. The court found that the township's recognition and funding of West Penn No. 1 was valid; the plaintiffs did not appeal that ruling.

The second suit was a replevin action brought by Andreas No. 1 and the relief association seeking the return of the firefighting equipment that had been transferred to West Penn No. 1. West Penn returned the rescue truck to Andreas No. 1. The trial court then held that although the temporary transfer of the truck for use by West Penn No. 1 was authorized, ownership of the truck had remained with the relief association. A state appellate court upheld the trial court's finding that the transfer was valid, but remanded to the trial court to determine whether Andreas No. 1 or the relief association owned the truck and related equipment. The parties apparently resolved this issue and the state court action was terminated.

While the two state court proceedings were still pending, Andreas No. 1, the relief association, and four of their members filed suit in the United States District Court for the Middle District of Pennsylvania against West Penn No. 1, eight of its members and the township. The amended complaint, filed under 42 U.S.C. § 1983 (2000), alleged that various of the defendants had violated various of the plaintiffs' constitutional rights under the First, Fourth, and Fourteenth Amendments. The complaint also invoked the court's supplemental jurisdiction to assert state law claims for defamation, malicious prosecution and civil conspiracy.

In a lengthy opinion, the district court granted summary judgment for the defendants and dismissed the complaint. The court first dismissed the plaintiffs' second amended complaint

3

because they had not complied with the court's requirement for filing such a document. The court held that the doctrines of issue or claim preclusion barred the plaintiffs from litigating many of their section 1983 claims because the issues underlying those claims had been decided against them in the prior state cases. The court also held that the claim relating to the transfer of the truck and equipment to West Penn No. 1 failed to state a valid claim under section 1983 because it did not involve state action. The court further ruled that with respect to issues not so precluded, the plaintiffs had failed to present adequate evidentiary support for them. The court dismissed the supplemental state law claims without prejudice. Since the plaintiffs do not separately challenge that ruling, we need not address it further.

II

A. Following the completion of discovery, the court gave the plaintiffs until August 31, 2001, "to file a motion for leave to amend the complaint with supporting brief." The plaintiffs did not file such a motion. Instead, on that date they filed a second amended complaint that added an additional claim and an additional party.

The district court struck the second amended complaint for failure to seek judicial authorization for filing it. The court pointed out that under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a complaint without leave of court only once, and that additional amendments may be made "only by leave of court or by written consent of the adverse party." The court further stated that "even if Plaintiffs had sought leave to amend, the filing of a second amended complaint would not have been allowed," because such amendment would have "substantially prejudiced" the defendants.

The district court did not abuse its discretion in striking the second amended complaint.

4

B.   In determining whether the Pennsylvania state court adjudications in the prior cases barred the plaintiffs from relitigating those issues in the district court, we "apply the same preclusion rules as would the courts of that state." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993).  Under Pennsylvania law,

> [c]ollateral estoppel applies when the issue decided in the prior adjudication was identical with the one presented in the later action; there was a final judgment on the merits; the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior adjudication.

Murphy v. Duquesne Univ. of the Holy Ghost, 777 A.2d 418, 435 (Pa. 2001).

In the prior Pennsylvania cases, the state courts rejected the plaintiffs' claims that the truck and equipment were illegally transferred to West Penn No. 1, and that the township had no authority to recognize and shift funding to West Penn No. 1.  Those are the same issues that underlie the plaintiffs' First, Fourth, and Fourteenth Amendment claims.  The district court correctly ruled that the plaintiffs were precluded from relitigating those issues in the present district court case.  The district court also correctly held that the plaintiffs had not shown that the transfer of the firetruck and equipment to West Penn No. 1 involved state action; as a result their section 1983 claim on that issue was fatally flawed.

C.  With respect to issues that had not been resolved in the prior state cases, the district court discussed the evidence on those issues at some length and properly concluded that it did not support the plaintiffs' claims.  We need not repeat that discussion here.  A single example is illustrative.

The plaintiff Angela Serfass contended that the West Penn defendants violated her First Amendment rights by refusing to allow her to serve as Fire Police Captain after she had been elected to that post.  She contended the defendants took that action because she was allied with the Andreas

No. 1 faction. The defendants responded that she was denied the position because the township required that its holder be at least twenty-one years old (which she concededly was not when she was elected). The district court stated that "after she attained 21 years old, she was approved as Fire Police Captain." The court further stated that "there is absolutely no evidence that she was denied the position because of her affiliation with Andreas No. 1 or the Andreas Relief Association."

The district court did not err in dismissing those claims for lack of evidentiary support.

CONCLUSION

The judgment of the district court striking the second amended complaint and granting summary judgment dismissing the case is affirmed.